James A. Patten
**Patten, Peterman, Bekkedahl & Green, PLLC**
2817 2nd Avenue North, Suite 300
Billings, MT 59101
Telephone (406) 252-8500
Email: japatten@ppbglaw.com
Attorney for Yellowstone Mountain Club, LLC

William D. Lamdin, III
Benjamin P. Hursh
**Crowley Fleck, PLLP**
305 South 4th Street East, Suite 100
PO Box 7099
Missoula, MT 59807-7099
Telephone: (406) 523-3600
Email: bhursh@crowleyfleck.com
Attorneys for New CH YMC Acquisition, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TIMOTHY L. BLIXSETH, <br><br> Appellant, <br><br> v. <br><br> YELLOWSTONE MOUNTAIN CLUB, LLC, YELLOWSTONE DEVELOPMENT LLC, BIG SKY RIDGE, LLC, YELLOWSTONE CLUB CONSTRUCTION CO., LLC, <br><br> Appellees. | Bankruptcy Case No.: 08-61570-11 <br> (Jointly with 08-61571, 08-61572-11, 08-61573-11) <br><br> District Court Case No. 09-47-SEH <br><br> REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL AS MOOT |

## I. <u>INTRODUCTION</u>

Appellant, Tim Blixseth, seeks review of the Order Confirming the Third Amended Chapter 11 Plan of the Debtors, and asks that the order be reversed. Blixseth did not obtain a stay, and the Plan has now been substantially consummated. Moreover, contrary to Blixseth's assertion, the relief he requests would impact individuals and entities not parties to this appeal. Because the substantial consummation of the Plan has resulted in a

comprehensive change of circumstances making effective relief impossible or inequitable, Blixseth's appeal is moot and should therefore be dismissed.

## II. ARGUMENT

An appeal may become moot in two ways. First, an appeal is constitutionally moot if it is impossible to fashion effective relief.[1] A party asserting constitutional mootness "has a heavy burden to establish that there is no effective relief that the court can grant."[2] Second, an appeal is equitably moot when the appellant has failed to obtain a stay and there has been a "comprehensive change of circumstances" making it inequitable for the court to consider the merits of the appeal.[3] Contrary to the implication in Blixseth's response, the "heavy burden" of establishing the impossibility of effective relief does not apply in the equitable mootness context. Instead, the court must determine whether, in light of events that have transpired in the bankruptcy case, fairness considerations permit the granting of the relief requested by the appellant.[4]

In this case, it is neither possible nor equitable to grant the relief sought by Blixseth. Because Blixseth failed to obtain a stay, the Plan has been substantially consummated, and the order confirming the Plan cannot be reversed, as Blixseth requests.

### A. All parties are not before the Court.

Blixseth contends the Court can fashion effective relief and his appeal therefore is not equitably moot because "[a]ll parties are still before the court . . . ."[5] Blixseth is wrong for two reasons. First, in determining whether an appeal is equitably moot, the court *first*

---

[1] *In re Gotcha Int'l, L.P.*, 311 B.R. 250, 253 (B.A.P. 9th Cir. 2004).

[2] *Id.* at 254.

[3] *Id.*; *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir. 1981).

[4] *See Roberts Farms*, 652 P.2d at 797.

[5] Opposition to Motion to Dismiss Appeal as Moot at 3.

REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL AS MOOT   Page 2

considers whether the affected individuals or entities are parties to the appeal; the inquiry does not *end* there, as Blixseth suggests.[6] Second, all affected parties are not before this Court. In particular, Blixseth seeks reversal of Plan provisions pertaining to a settlement between Debtors and Credit Suisse—Credit Suisse is not a party to this appeal. Blixseth also seeks reversal of an exculpatory provision in the Plan relieving Credit Suisse, the UCC, its individual members (including Stephen Brown), Edra Blixseth, and others from liability arising out of the bankruptcy cases except for willful misconduct or gross negligence.[7] None of the individuals or entities listed above is a party to the appeal. With the exception of Debtors and CrossHarbor, *none* of the parties described in the exculpatory provision is presently before the Court. Blixseth therefore cannot now litigate the propriety of the exculpatory provision, thereby depriving non-parties of the protections afforded to them under the Plan.

### B. Blixseth failed to obtain a stay.

In *In re Roberts Farms*, the Ninth Circuit Court of Appeals ruled that an appeal was equitably moot because the appellants' minimal efforts to stay execution of the reorganization plan were unsuccessful, resulting in a comprehensive change of circumstances.[8] Blixseth asserts *Roberts Farms* is distinguishable because, unlike the

---

[6] *See In re Sherman*, 491 F.3d 948, 968 (9th Cir. 2007) (court first considers whether parties are still before the court and were aware of the pending appeal then considers whether it can grant effective relief).

[7] Blixseth incorrectly asserts the exculpatory provision cannot be enforced because the Ninth Circuit has ruled that § 524(e) of the Bankruptcy Code prohibits courts from discharging the liability of non-debtors. Opposition to Motion to Dismiss Appeal as Moot at 7. Section 524(e) provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." That provision has no application here—the Plan does not relieve any entity of any existing liability for a debt owed by Debtors. (*See* App. 1932-33) The exculpatory provision contained in the Plan does nothing more than relieve certain parties of potential *future* liability arising out of the Plan, except for willful misconduct or gross negligence. It is a standard exculpatory provision and conforms with prevailing law. *See, e.g., In re Enron Corp.*, 326 B.R. 497, 501 (S.D.N.Y. 2005).

[8] *Id.* at 798.

REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL AS MOOT    Page 3

appellants in that case, Blixseth sought a stay in the bankruptcy court. Blixseth completely misses the point. First, the *Roberts Farms* decision requires appellants to "pursue with diligence all available remedies to obtain a stay," including, if necessary, a request for relief from the United States Supreme Court.[9] Here, Blixseth made a single attempt to seek a stay from the Bankruptcy Court. He did not appeal the denial of the motion, seek a stay directly from this Court, or take any other measures to halt the implementation of the Plan. Under these circumstances, Blixseth's conduct does not satisfy the obligation imposed by *Roberts Farms* to take all possible steps to obtain a stay.

Second, as one court explained, "A stay not sought, and a stay sought and denied, lead equally to the implementation of the plan of reorganization. And it is the reliance interests engendered by the plan, coupled with the difficulty of reversing the critical transactions, that counsels against attempts to unwind things on appeal."[10] Thus, ultimately, it is irrelevant that Blixseth sought a stay from the Bankruptcy Court. That request was denied, and the implementation of the Plan has proceeded in accordance with its terms.[11]

### C. As a result of Blixseth's failure to obtain a stay, the Plan has been substantially consummated.

Because Blixseth failed to obtain a stay, the Plan has been substantially consummated. While the substantial consummation of the Plan, in and of itself, does not render Blixseth's appeal moot, there is a strong presumption of mootness when substantial

---

[9] *Id.* In fact, the appellants in *Roberts Farms* did seek a stay from the Ninth Circuit and petitioned for writs of mandamus in the District Court and Ninth Circuit. The court deemed these measures insufficient. *Id.*

[10] *In re UNR Indus., Inc.*, 20 F.3d 766, 770 (7th Cir. 1994).

[11] Blixseth repeatedly asserts that Debtors acted improperly in proceeding with implementing the Plan in light of Blixseth's appeal. Debtors merely sought to fulfill their obligation to meet the deadlines set forth in the Plan. In fact, Debtors even requested (and obtained) an extension of the closing date of the Plan. (Dkt. 1080, 1085) Simply put, Debtors had no choice but to close the sale to CrossHarbor when they did due to the deadlines imposed in the Plan. There is absolutely no evidence to show that Debtors acted inappropriately in any way.

consummation has occurred.[12] The court must determine whether it is practical or equitable to undo the Plan in light of Blixseth's failure to obtain a stay.

In support of his assertion that its appeal is not moot, Blixseth cites cases involving simple bankruptcies with few parties and minimal transactions. The cases upon which Blixseth relies are readily distinguishable and do not preclude a determination of mootness in this case. For example, in *In re Focus Media, Inc.*,[13] the appellant sought disgorgement of costs and attorney fees awarded to the debtor. Unsurprisingly, the court concluded this simple transaction could be undone.[14] The court explained, "an order compelling disgorgement of attorney's fees and expenses would not require the bankruptcy court to unravel a complicated bankruptcy plan. Rather, it would require only that one party disgorge money it has received, money that would then be distributed pursuant to the bankruptcy court's final decree."[15] Similarly, in *In re Spirtos*,[16] the court concluded it could fashion effective relief merely by ordering the debtor to return money contained in two pension plans to the estate in the event the court ruled in favor of the appellant.[17]

Here, in contrast, Blixseth seeks reversal of the entire Plan, including the unraveling of hundreds of transactions. Blixseth fails to appreciate that, among other things, (1) funds paid by CrossHarbor to purchase an equity interest in Debtors have already been spent and cannot be returned to CrossHarbor if the sale is undone, (2) a promissory note for $80

---

[12] *In re Pub. Serv. Co. of N.H.*, 963 F.2d 469, 474 n.13 (1st Cir. 1992). Thus, substantial consummation is a significant factor in evaluating whether an appeal is equitably moot; it does not, as Blixseth claims, apply only when the proponent seeks modification of a plan. Opposition to Motion to Dismiss Appeal as Moot at 10-11.

[13] 378 F.3d 916 (9th Cir. 2004).

[14] *Id.* at 923.

[15] *Id.*

[16] 992 F.2d 1004 (9th Cir. 1993).

[17] *Id.* at 1007.

million has been executed and delivered to Credit Suisse, which is not a party to this appeal, and (3) hundreds of creditors, who also are not parties to the appeal, have been paid. This multimillion dollar case is precisely the complex type of bankruptcy that cannot be unraveled.[18] Moreover, removing the exculpatory provision, as Blixseth requests, would "unravel the entire fabric of the plan."[19]

As explained in Debtors' motion to dismiss, numerous parties have already changed their positions in reliance on the Plan. It cannot now be changed at this late date, and Blixseth's appeal must therefore be dismissed as moot.

### III. CONCLUSION

Blixseth's appeal seeks reversal or modification of the Plan. Blixseth did not obtain a stay, and the Plan has now been substantially consummated, with the transfer of all of the equity interests in Debtors to CrossHarbor and the payment of hundreds of claims. It would be impossible and inequitable to undo the Plan at this point in time and grant the relief requested by Blixseth. His appeal is therefore moot and should be dismissed.

DATED: November 10, 2009

PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC

By: /s/ James A. Patten
James A. Patten
Attorney for Yellowstone Mountain Club

CROWLEY FLECK, PLLP

By: /s/ Benjamin P. Hursh
Benjamin P. Hursh
Attorney for New CH YMC Acquisition, LLC

---

[18] *See, e.g., In re Baker & Drake, Inc.*, 35 F.3d 1348, 1351 (9th Cir. 1994) (noting that failures to obtain stays in cases involving "reorganization plans for complex, multi-million dollar debtors [that] had proceeded almost to completion" rendered appeals moot).

[19] *Enron Corp.*, 326 B.R. at 503.

REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL AS MOOT    Page 6

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E) of the Montana United States District Court, I certify that this brief contains 1,563 words (as counted by Microsoft Word 2007), excluding caption, certificate of service and compliance, is double spaced, typed in Times New Roman, and printed in at least a typeface of 14 points, except for footnotes.

/s/ James A. Patten
James A. Patten, Attorney for Appellees

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on November 10, 2009 or a soon as possible thereafter, copies of the foregoing Reply in Support of Motion to Dismiss Appeal as Moot was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by e-mailing or mailing a true anc correct copy, first class mail, postage prepaid was made to the following persons/entities who are not ECF registered users:

ECF E-mail service upon Joel E. Guthals, Attorney for Appellant on November 10, 2009.

/s/ James A. Patten
James A. Patten, Attorney for Appellees