

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| Timothy L. Blixseth, | |
| Appellant, | Bankruptcy Case Nos. 08-61570; 08-61571; 08-61572; 08-61573 |
| Yellowstone Mountain Club, LLC, Yellowstone Development LLC, Big Sky Ridge, LLC Yellowstone Club Construction Co., LLC | No. CV-09-47-BU-SEH |
| Appellees. | **MEMORANDUM AND ORDER** |

## INTRODUCTION

Appellant Timothy L. Blixseth (Blixseth) appeals from the final order of the

United States Bankruptcy Court for the District of Montana confirming the third

Chapter 11 Reorganization Plan (the Plan) of the Debtors and Appellees,

Yellowstone Mountain Club, LLC, Yellowstone Development LLC, Big Sky

Ridge, LLC, and Yellowstone Club Construction Co., LLC, (collectively the

Debtors). On May 22, 2009, the Debtors filed a Third Amended Joint Plan of

Reorganization. On June 2, 2009, Bankruptcy Judge Ralph B. Kirscher issued his

Memorandum of Decision and Order confirming the Plan.  This appeal followed.
This Court has jurisdiction under 28 U.S.C. § 158(a).

## ISSUES  PRESENTED

Three issues are presented on appeal:

1.    Whether the Bankruptcy Court erred in approving the Plan's exculpatory clauses and releases in favor of third parties in the Plan?

2.    Whether the Bankruptcy Court erred in determining the Plan was proposed in good faith when the question of Debtors' bad faith remained as an unresolved factual issue in a pending adversary proceeding?

3.    Whether the Bankruptcy Court erred in approving the settlements incorporated into the Plan without a motion to approve the settlement, notice of motion, and hearing as required under Fed. R. Bankr. P. 9019(a)?

## STANDARD OF REVIEW

The Bankruptcy Court's findings of fact are reviewed for clear error.  Fed. R. Bankr. P. 8013.  Its conclusions of law are reviewed *de novo*.  See In re Rains, 428 F.3d 893, 900 (9th Cir. 2005); In re Urban, 375 B.R. 882, 887 (B.A.P. 9th Cir. 2007).

## DISCUSSION

### I.

Approval of a settlement in bankruptcy is governed by Fed. R. Bankr. P.

9019 and 2002.  Rule 9019(a) provides:

> On motion by the trustee and after notice and a hearing,
> the court may approve a compromise or settlement.
> Notice shall be given to creditors, the United States
> trustee, the debtor, and indenture trustees as provided in
> Rule 2002 and to any other entity as the court may direct.

Rule 2002(a) and (3) require that:

> (a) . . . the debtor, the trustee, all creditors and
> indenture trustees [be given] at least 21 days' notice by
> mail of:
>
> . . . .
>
> (3) the hearing on approval of a
> compromise or settlement of a controversy
> other than approval of an agreement
> pursuant to Rule 4001(d), unless the court
> for cause shown directs that notice not be
> sent.

Local Bankruptcy Rule 9013-1 also prescribes particulars of form and content for

motions and notice of opportunity to respond.

The language and directives of the rules are clear and unambiguous and not

to be disregarded.  In this case, settlements which had been negotiated were

3

approved by the Court at the confirmation hearing without notices in the form and

as required under the applicable rules.  Appropriate opportunity to be heard and to

object was not afforded.  The failure to provide required notice and opportunity to

respond was plain error.

II.

Section 8.4 of the Plan purports on its face to identify certain persons and

entities none of whom shall:

> [I]ncur any liability to any Person for any act or omission in
> connection with, relating to or arising out of the Chapter 11
> Cases, the formulation, negotiation, implementation,
> confirmation or consummation of this Plan, the Disclosure
> Statement, or any contract, instrument, release or other
> agreement or document entered into during the Chapter 11
> Cases otherwise created in connection with this Plan; provided,
> however, that nothing in this Section . . . shall be construed to
> release or exculpate any Exculpated Party from willful
> misconduct or gross negligence as determined by a Final Order
> or any breach of the Definitive Agreement or any documents
> entered into in connection therewith.

It is a basic tenant of statute (11 U.S.C. § 524(e)) that "discharge of a debt

of the debtor does not affect the liability of any other entity on, or the property of

any other entity for, such debt."  The Ninth Circuit Court of Appeals has

consistently recognized and applied this rule.  See In re American Hardwoods,

Inc., 885 F.2d 621, 626 (9th Cir. 1989); In re Lowenschuss, 67 F.3d 1394, 1401-

4

02 (9th Cir. 1995). Here, the language of Section 8.4, whatever its intended scope may have been, goes well beyond the limitation of Section 524(e). Its approval was plain error. See In re Lowenschuss, 67 F.3d at 1401-02.

On remand, the Bankruptcy Court is encouraged, to the extent feasible, to explicitly identify and delineate those persons or representatives determined to be within the scope of the release parameters of Section 524(e) and to state the reasons why it reached such conclusions. Such delineation could significantly reduce the probability of further litigation directed to the scope of exculpation and release.

III.

Appellant also contends the Bankruptcy Court erred in its finding that the debtor acted in good faith in filing the Plan, citing an unresolved adversary proceeding raising bad faith issues as precluding such a good faith filing. Given the Court's ruling on issues I and II, determination of this issue on the present record is premature and unnecessary at this time. The Bankruptcy Court, on remand, will have a full and appropriate opportunity to address and act upon all issues relating to the Plan, following appropriate notice and opportunity for hearing.

5

## ORDER

Upon *de novo* review, this Court finds that the Bankruptcy Court erred when it proceeded to confirmation of the Plan without appropriate notice and opportunity to object, and in releasing persons, firms and entities from liability contrary to 11 U.S.C. § 524(e). The decision of the Bankruptcy Court is REVERSED and REMANDED for further proceedings consistent with this Memorandum and Order.

DATED this 2nd day of November, 2010.

SAM E. HADDON
United States District Judge

6